IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARVIN J. MCLEMORE, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-713-M (BH) |
| § | |
| CITIMORTGAGE, INC., et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated March 15, 2012, this case has been referred for pretrial management. Before the Court for recommendation is *Defendants' Motion to Dismiss*, filed March 28, 2012 (doc. 6). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

This case involves foreclosure of real property located at 1225 High Bluff Drive, Desoto, Texas 75115 (the Property). On February 14, 2012, Marvin and Lydia McLemore (Plaintiffs) filed suit against CitiMortgage, Inc. (CitiMortgage) and Federal National Mortgage Association (Fannie Mae) (collectively, Defendants) in the 95th Judicial District Court of Dallas County, Texas. (*See* doc. 1 at 1.)[1]

In their state court petition, Plaintiffs allege that they purchased the Property on August 22, 2002, with a "first-lien" promissory note in favor of Realty Mortgage Corporation (Realty) and a

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

1

deed of trust securing the note for the benefit of Mortgage Electronic Registration Systems (MERS), acting solely as nominee for Realty and its successors and assigns. (doc. 1-4 at 4.) On October 11, 2011, claiming to be the owner and holder of the note and deed of trust, CitiMortgage purportedly executed an "Appointment of Substitute Trustee" and filed it with the Dallas County Clerk's Office. (*Id.*) On November 1, 2011, "claiming to be the current mortgagee and mortgage servicer for the mortgage," and "acting through [the substitute trustee]," CitiMortgage allegedly conducted a non-judicial foreclosure sale and issued a deed conveying the Property to Fannie Mae (*Id.* at 4–5.) Subsequently, "[c]laiming to be the owner of the Property, ... Fannie Mae filed a forcible detainer action" against Plaintiffs and obtained a favorable judgment. (*Id.* at 5, 9.) Fannie Mae also "obtained a Writ of Possession from the County Clerk of Dallas County." (*Id.* at 9.)

Plaintiffs allege that "the Note and Deed of Trust were not lawfully and timely indorsed, transferred, and assigned" to CitiMortgage "as owner and holder" of these documents. (*Id.* at 5.) CitiMortgage therefore lacked authority to: (1) declare a default under the note, (2) accelerate the maturity of the note, (3) declare a default under the deed of trust, (4) appoint a substitute trustee, and (5) foreclose on the Property. (*Id.*) They assert claims against Defendants for suit to quiet title, trespass to try title, violation of the Texas Debt Collection Practices Act (TDCPA), and negligent misrepresentation. (*Id.* at 5–6, 8–9.) They seek to clear their purported title to the Property, rescind the foreclosure sale, cancel the substitute trustee's deed, and enjoin Defendants from taking possession of the Property. (*Id.* at 6–7, 9–10.) They also request actual damages, attorney's fees, and declaratory judgment. (*Id.* at 7, 10.)

On March 9, 2012, Defendants removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (*See* doc. 1.) On March 28, 2012, Defendants moved to

dismiss Plaintiffs' complaint. (*See* doc. 6.) Plaintiffs filed a response (doc. 8), Defendants filed a reply (doc. 9), and the motion is now ripe for recommendation.

## II. RULE 12(b)(6) MOTION

Defendants move to dismiss Plaintiffs' complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* doc. 6.)

**A.     Rule 12(b)(6) Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when

it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950–51.

**B.      Lack of Standing**

Defendants contend that Plaintiffs premise all of their claims on their conclusory allegation that CitiMortgage did not have authority to foreclose on the Property because the note and deed of trust were not properly assigned from Realty to CitiMortgage. (doc. 6-1 at 9.) They argue that Plaintiffs lack standing to challenge the assignment of the note and deed of trust because they were not parties to the assignment, and their claims therefore "fail as a matter of law."[2] (*Id.*)

Numerous district courts in Texas have held that "borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments."[3]

---

[2] "Standing has both constitutional and prudential aspects." *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 460 n.9 (5th Cir. 2001) (citation omitted). The argument that non-parties lack standing to challenge an assignment of a deed or note implicates prudential standing. Prudential standing encompasses "[j]udicially created limits" that concern whether: (1) a plaintiff's grievance falls within the zone of interests protected by the statute invoked, (2) the complaint raises a generalized grievance more properly addressed by the legislature, and (3) the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties. *Id.*; *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 (5th Cir. 2011).

[3] "[A]n assignment is a contract between the assignor of a right and an assignee, who receives the authority to assert that right." *Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 211 (Tex. App.—El Paso

*Kidd v. Fed. Nat. Mortg. Ass'n*, No. 3:12-CV-1733-B, 2012 WL 4900962, at *2 (N.D. Tex. Oct. 15, 2012) (collecting cases). Some district courts have recognized two exceptions, however: (1) the "primary exception" is "where an assignee of a claim sues the obligor for performance under ... circumstances, ... render[ing] the assignment void, ... [but not] voidable,"[4]; (2) "under very limited circumstances, Texas law allows a defendant sued on a negotiable instrument to assert defenses and claims held by others." *Kramer v. Fannie Mae*, No. A–12–CA–276–SS, 2012 WL 3027990, at *4–5 (W.D. Tex. May 15, 2012) (citing to *Tri–Cities Const., Inc. v. American Nat. Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ) and Tex. Bus. & Com. Code § 3.305(c)); *see also Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012); *Miller*, 2012 WL 3206237, at *5. Notably, only a void assignment may be challenged "because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice."[5] *Tri–Cities Const., Inc.*, 523 S.W.2d at 430 (citation omitted). In *Kramer*, the court held that the plaintiff could not challenge the assignment of the deed of trust because neither exception applied, given that in

---

2010, pet. denied); *accord D Design Holdings, LP v. MMO Corp.*, 339 S.W.3d 195, 200–01 (Tex. App.—Dallas 2011, no pet.).

[4] "Examples of 'voidable' defenses include the statute of frauds, ... fraud in the inducement, ... lack of capacity as a minor, ... and mutual mistake." *Miller v. Homecomings Fin., LLC*, No. 4:11-CV-04416, 2012 WL 3206237, at *5 (S.D. Tex. Aug. 8, 2012); *see also* Tex. Bus. & Com. Code Ann. § 3.202(a) (West 2002) (listing voidable defenses against the enforcement of a negotiable instrument).

[5] With respect to a mortgage, "[a] void contract of assignment confers no right to foreclose under the deed on the purported assignee while a voidable contract transfers the deed to the assignee—including the rights contained in it—subject to the rights of the assignor to set it aside upon proof the contract was executed improperly." *Puente*, 2012 WL 4335997, at *6 n. 14 (citing to *Slaughter v. Qualls,* 139 Tex. 340, 162 S.W.2d 671, 674 (Tex. 1942); *see also Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.) (explaining that if the assignment is "absolutely invalid or ineffective," "[a] debtor may … assert against the assignee … [his] lack of title or right to sue; but, if the assignment is effective to pass legal title, the debtor cannot interpose defects or objections which merely render the assignment voidable at the election of the assignor or those standing in his shoes.") (quoting 6A C.J.S. Assignments § 132) (database updated December 2012).

5

foreclosing on his property, the "Defendants did not sue [the plaintiff] at all, and, even if they had, their suit would have been on the deed of trust, not the ... promissory note … [and] there [was] no suggestion [he] [was] being put in a position where he [would] have to pay the same claim twice." *Kramer*, 2012 WL 3027990, at *5.

Here, Plaintiffs aver only that the note and deed of trust "were not lawfully and timely indorsed, transferred, and assigned" to CitiMortgage as "as owner and holder" of these instruments. (doc. 1-4 at 5.) As in *Kramer*, they do not allege that they were sued on the note or were put in a position where they will have to pay the same claim twice. *See Kramer*, 2012 WL 3027990, at *5. They also fail to allege that Realty never assigned the note and deed of trust to CitiMortgage. Nor do they assert any facts showing that an assignment took place but that it was void or voidable. In sum, Plaintiffs have failed to allege sufficient facts from which it could be determined that they have standing to challenge the assignment of the note and deed of trust from Realty to CitiMortgage. *See Puente*, 2012 WL 4335997, at *6 (holding that the court could not determine whether the plaintiffs had standing to challenge the assignment of the deed of trust from MERS to the defendant because it was "unclear from [their] complaint whether they allege[d] (1) that the assignment ... [was] *voidable* because, for example, ... the procedures ... employed were faulty, or (2) that the assignment was *void* and therefore invalid") (emphasis in *Puente*). To the extent that they base their claims and requests for declaratory and injunctive relief on their "defective assignment" theory, these are all subject to dismissal for failure to state a claim. *See Kidd*, 2012 WL 4900962, at *2 (dismissing quiet title claim and request for declaratory judgment where the plaintiff's theories for recovery were "based entirely on assignments and agreements to which [she] was not a party" and where she "[had] not ... alleged that multiple parties ha[d] attempted or [would] attempt to collect from [her]").

6

### C. "Show-me-the-Note" Theory

Defendants next argue that Plaintiffs' "claims also fail because their challenge to the alleged defective assignment" implicates the "show-me-the-note" theory, which "is inapplicable to non-judicial foreclosure proceedings and invalid under Texas law." (doc. 6-1 at 10–11.) In their complaint, Plaintiffs allege that CitiMortgage "claim[ed] to be the current mortgagee and mortgage servicer for the mortgagee," but it "was not authorized and entitled to collect [on] the Note and enforce the Deed of Trust" because these instruments "were not lawfully and timely indorsed, transferred, and assigned" to CitiMortgage as their "as owner and holder." (doc. 1-4 at 4–5.) These allegations appear to be the basis for their claims for suit to quiet title, trespass to try title, violations of the TDCPA, and negligent misrepresentation. (*See id.* at 5–9.)

Plaintiffs' allegation that CitiMortgage lacked authority to foreclose because it was not the owner or holder of the note and deed of trust does implicate the "show-me-the-note" theory. *See Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012), *recommendation adopted*, 2012 WL 2864467 (N.D. Tex. July 12, 2012). "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Wells v. BAC Home Loan Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at * 2 (W.D. Tex. Apr. 26, 2011) (citation and internal quotation marks omitted). The theory has been repeatedly rejected in this circuit as having no merit. *Bennett*, 2012 WL 2864751, at *3; *see also Cervantes v. U.S. Bank Nat'l Ass'n*, No. 3:12-CV-0661-D, 2012 WL 1605558, at *3 (N.D. Tex. May 8, 2012) (collecting cases).

"Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July

7

25, 2011). Under Texas law, promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, "the note against the borrower and the lien against the real property." *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.) (citation omitted). In cases where the lender seeks a personal judgment against the borrower, it "must typically demonstrate that it is the holder of the note by producing the original wet-ink instrument."[6] *Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-XR, 2012 WL 1029497, at *3 (W.D. Tex. Mar. 26, 2012). By contrast, "[f]oreclosure is an independent action against the collateral" that "enforces the deed of trust, not the underlying note." *Reardean*, 2011 WL 3268307, at *3.

The Texas Property Code allows mortgagees and mortgage servicers to conduct a non-judicial foreclosure sale "under a power of sale conferred by a deed of trust or other contract lien." Tex. Prop. Code Ann. § 51.002 (West 2007). The Code defines mortgagee as "the grantee, beneficiary, owner, or holder of a security instrument," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4)(A),(C). It defines "mortgage servicer" as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id.* § 51.0001(3). A mortgagee may be its own mortgage servicer. *Id.* Courts have held that the Texas Property Code does not require a mortgagee to produce proof of ownership of

---

[6] In their response to Defendants' motion to dismiss, Plaintiffs cite to the Texas Uniform Commercial Code [UCC] for the proposition that CitiMortgage lacked standing to "collect on the note" and "enforce the deed of trust" because it failed "to comply with Chapter 3 [of the UCC]." (doc. 8 at 8.) Their reliance on the UCC is misplaced, however, because this statute addresses only the enforceability of negotiable instruments and foreclosure is conducted pursuant to the deed of trust, which is a contract. *See* Tex. Bus. & Com. Code Ann. §§ 3.201, 3.203, and 3.204 (West 2002) (providing the requirements for the negotiation, transfer, and endorsement of a negotiable instrument); *see also Kramer*, 2012 WL 3027990, at *7 (explaining that "the authority to conduct a foreclosure under Texas law is governed by an entity's relationship to the deed of trust, rather than the associated note").

8

the original note or deed of trust before conducting a non-judicial foreclosure sale. *See, e.g.*, *Bennett*, 2012 WL 2864751, at *3; *Darocy v. Chase Home Fin., LLC*, No. 3:10-CV-1259-L, 2012 WL 840909, at *10 (N.D. Tex. Mar. 9, 2012) (citations omitted); *Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *2 (N.D. Tex. Jan. 23, 2012), *recommendation adopted*, 2012 WL 556055 (N.D. Tex. Feb. 21, 2012). As the statute provides, being the "holder" of a security instrument is only one of several ways to prove mortgagee status. *See* Tex. Prop. Code § 51.0001(4)(A),(C). A mortgage servicer may also administer a non-judicial foreclosure sale on behalf of a mortgagee if the two entities enter into a servicing agreement and provide the borrower with certain disclosures. *See id.* § 51.0025. As courts have noted, however, no provision of § 51.0025 "require[s] the mortgage servicer to be the 'holder' of the Note and Deed of Trust or to produce the original loan documents." *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3-09-CV2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010), *recommendation adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010); *see also Darocy*, 2012 WL 840909, at *10 (explaining that § 51.0025 of the Texas Property Code "contemplates that someone other than the holder of the original [security instrument] may lawfully foreclose on the security interest").

Accordingly, Plaintiffs' allegation that CitiMortgage lacked authority to foreclose because it was not the owner or holder of the note and deed of trust cannot support any claim against Defendants as a matter of law. *See Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*, No. 3:12-CV-0613-D, 2012 WL 2196040, at *2 (N.D. Tex. June 15, 2012) (Fitzwater, C.J.). Moreover, although they state that CitiMortgage falsely claimed to be the mortgagee and mortgage servicer on their mortgage, they do not allege that they were never instructed to send their mortgage payments to CitiMortgage, and otherwise fail to allege any facts

9

controverting CitiMortgage's status as mortgagee or mortgage servicer. Their bare and conclusory allegations therefore fail to raise a reasonable inference that CitiMortgage lacked authority to foreclose on the Property. *See Bennett*, 2012 WL 2864751, at *3 (rejecting the plaintiff's allegation that the defendant lacked authority to foreclose where his allegation was based on his invalid "show-me-the-note" theory and where he "[did] not claim that [the defendant] was not the mortgagee or mortgage servicer on the mortgage loan, or any facts to support such allegations"). To the extent that Plaintiffs' claims against Defendants for suit to quiet title, trespass to try title, violations of the TDCPA, and negligent misrepresentation are based on their invalid show-me-the-note theory, these claims are subject to dismissal for failure to state a claim.

### D. Suit to Quiet Title and Trespass to Try Title

Defendants move to dismiss Plaintiffs' claims for quiet title and trespass to try title arguing that Plaintiffs "assert no facts that would plausibly suggest they have superior title" and their "petition focuses entirely on the weaknesses of Fannie Mae's title based on the purported defective assignment." (doc. 6-1 at 13.)

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This suit "enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (citation and internal quotation marks omitted). To prevail, a plaintiff must show that: (1) he has an interest in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*,

880 F. Supp. 2d 747, 766 (N.D. Tex. 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)). The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Id.* at 766–67(citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)). Notably, the plaintiff must prove and recover on the strength of his own title, not on the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001 (West 2000). This action "is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.—Corpus Christi 1978, no writ.) (citations omitted). To prevail, a plaintiff must either: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Hurd*, 880 F. Supp. 2d at 767 (citing *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)). As with a suit to quiet title, the plaintiff "must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 236 (citing to *Hejl v. Wirth*, 343 S.W.2d 226 (Tex. 1961) and *Kauffman v. Shellworth*, 64 Tex. 179 (1885)).

Plaintiffs allege that they "are, have always been, and remain the legal and equitable owner[s] of the Property." (doc. 1-4 at 6.) To establish their superior title and challenge the validity of Fannie Mae's title, they argue that the substitute trustee's deed issued to Fannie Mae at the

11

foreclosure sale was "void" because CitiMortgage could not pass good title to the Property since it was not the owner or holder of the note and deed of trust. (*Id.* at 5–6.) In addition to being based on an invalid legal theory, these conclusory allegations fail to raise a reasonable inference that Plaintiffs have superior title or that Defendants' claim to the Property is invalid or unenforceable. Accordingly, their quiet title and trespass to try title claims should be dismissed for failure to state a claim. *See Cole*, 2012 WL 555194, at *3 (dismissing quiet title and trespass to try title claims that were entirely premised on the plaintiff's allegation that the defendant failed to prove it was the holder of the note "and entitled to enforce the Deed of Trust").[7]

### E.     Texas Debt Collection Practices Act[8]

Defendants also contend that Plaintiffs' claim under the TDCPA is subject to dismissal because they fail to allege any facts showing that CitiMortgage was a debt collector as defined by the Act or that they suffered any damages due to CitiMortgage's purported misrepresentations. (doc. 6-1 at 15–16.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M BH, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012), *report and recommendation adopted*, 2012 WL 5409749 (N.D. Tex. Nov. 5, 2012). The Act defines "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." Tex.

---

[7] Plaintiffs do not allege that they have lost possession of the Property to Defendants, and they seek injunctive relief to prevent Defendants from "obtaining the issuance and service, or causing the issuance and service, of a Writ of Possession in the Forcible Detainer action." (doc. 1-5 at 7.) Their trespass to try title claim fails for this additional reason.

[8] Defendants next move to dismiss Plaintiffs' request to set aside the foreclosure and cancel the substitute trustee's deed. (*See* doc. 6-1 at 13–14.) To avoid repetition, this issue will be addressed last, together with Plaintiffs' requests for other injunctive relief.

Fin. Code Ann. § 392.001(6)(West 2006). "Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5). Debt collection can include "actions taken in foreclosing real property." *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *7 (N.D. Tex. Feb. 21, 2012) (citation omitted); *Swim v. Bank of Am.*, No. 3:11-CV-1240-M, 2012 WL 170758, at * 5 (N.D. Tex. Jan. 20, 2012). CitiMortgage's alleged action of foreclosing on the Property may therefore fall within the purview of the TDCPA. *See Sanghera*, 2012 WL 555155, at *7. Section 392.304(a)(8)[9] of the TDCPA prohibits debt collectors from using "a fraudulent, deceptive, or misleading representation that employs ... misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." Tex. Fin. Code Ann. § 392.304(a)(8) (West 2004).

Plaintiffs allege that CitiMortgage falsely "claimed to be the owner and holder of the Note and Deed of Trust or the person authorized and entitled to collect [on] the Note and enforce the Deed of Trust." (doc. 1-4 at 8.) They claim that CitiMortgage "misrepresented the character, extent, or amount of [the] debt owed by [them]" and that its "acts, omissions, and conduct" violated the TDCPA. (*Id.*) First, they fail to state a claim against Fannie Mae because all of their allegations refer only to CitiMortgage. (*See id.*) Moreover, aside from their "defective assignment" and "show-me-the-note" theories, they fail to allege any facts raising a reasonable inference that CitiMortgage was not the owner or holder of the note and deed of trust. Lastly, they fail to allege any facts showing how CitiMortgage purportedly misrepresented the character, extent, or amount of their debt. Accordingly, Plaintiffs' claim under the TDCPA should be dismissed. *See Puente*, 2012 WL

---

[9] Plaintiffs incorrectly cite this section as "§ 392.304." (*See* doc. 1-4 at 8.)

4335997, at *6 (dismissing TDCPA claim where the plaintiffs failed to allege "sufficient facts—other than their invalid assignment or "split" theories, ... —in support of their ... claim").

**F.     Negligent Misrepresentation**

Defendants move to dismiss Plaintiffs' claim for negligent misrepresentation arguing that they do not allege any facts showing that CitiMortgage engaged in misrepresentations, "whatever they may be, ... for the guidance of others in their business." (doc. 6-1 at 17.)

A claim for negligent misrepresentation under Texas law consists of four elements: (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Hurd*, 880 F. Supp. 2d at 762 (citing *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005)).

Plaintiffs allege that "prior to [issuing] the purported Substitute Trustee's Deed," CitiMortgage falsely represented being "the legitimate successor in interest to Realty ... and the owner and holder of the Note and Deed of Trust, or the person authorized and entitled to collect on the Note and enforce the Deed of Trust." (doc. 1-4 at 8.) They argue that CitiMortgage "did not exercise reasonable care or competence in obtaining or communicating this information to Plaintiffs." (*Id.* at 8–9.) First, Plaintiffs have not alleged any of the elements of a negligent misrepresentation claim against Fannie Mae because all of their allegations refer only to CitiMortgage. (*See id.*) Additionally, even if taken as true, their allegations could not plausibly entitle them to relief against CitiMortgage because their assertions that CitiMortgage was not

14

Realty's successor in interest and was not entitled to enforce the note and deed of trust are premised on their invalid "show-me-the-note" theory and on their unsupported contention that the assignment was defective. They also fail to allege any facts showing they justifiably relied on CitiMortgage's purported misrepresentations, or that they suffered any pecuniary loss as a result of such reliance. Their negligent misrepresentation claim therefore fails and should be dismissed. *See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734–35 (N.D. Tex. 2011) (dismissing negligent misrepresentation claim where the plaintiffs' allegations that the defendant "made false representations" were vague and conclusory and where they "failed to plead sufficient facts to show that they relied on these representations to their detriment ... [and] [did] not make allegations of pecuniary loss").

## G.     Injunctive Relief

Defendants move to dismiss as meritless Plaintiffs' request to set aside the foreclosure, cancel the substitute trustee's deed, and enjoin their eviction.[10] (doc. 6-1 at 13, 17–18.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Here, Plaintiffs seek injunctive relief to clear their purported

---

[10] Defendants also argue that Plaintiffs' request to set aside the foreclosure and cancel the substitute trustee's deed fails because they "have not alleged that they tendered the amounts due and owing under the note and deed of trust." (doc. 6-1 at 14.) "Texas courts have held that tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee *who is in possession* of the property and claims title under a void foreclosure sale." *Franklin v. BAC Home Loans Servicing, LP*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *10 (N.D. Tex. June 6, 2012), *recommendation adopted*, 2012 WL 2688809 (N.D. Tex. July 5, 2012) (citation omitted) (emphasis added). Here, Defendants have not alleged they are in possession of the Property, and Plaintiffs specifically request injunctive relief to prevent Defendants from taking possession. (doc. 1-4 at 9.)

title to the Property, set aside the foreclosure, cancel the substitute trustee's deed, and enjoin Defendants from taking possession of the Property. (doc. 1-4 at 6–7, 9–10.) Because dismissal of Plaintiffs' claims is warranted on the merits, they cannot establish any likelihood of success on the merits. *See id.* Accordingly, their request for injunctive relief should be dismissed.

## H. Declaratory Relief

Defendants contend that Plaintiffs' request for declaratory relief should be dismissed because they "have alleged no facts that would support any of [the] relief" they seek. (doc. 6-1 at 17–18.)

Plaintiffs seek declaratory relief under the Texas Declaratory Judgments Act, codified in §§ 37.001–37.011 of the Texas Civil Practice & Remedies Code. "The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action" such as this one. *See Brock v. Fed. Nat'l Mortg. Ass'n*, No. 4:11-CV-211-A, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012). However, in light of removal from state court, the action may be construed as one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *See Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (holding that "[w]hen a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act").

The federal Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201 (West 2010). The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an

16

actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:03-CV-1658-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations and internal quotation marks omitted). The Act is an authorization and not a command, and allows federal courts broad, but "not unfettered," discretion to grant or refuse declaratory judgment. *Id.*

Here, Plaintiffs seek the following declarations: (1) the note and deed of trust were not lawfully and timely endorsed, transferred, and assigned from Realty to CitiMortgage, (2) CitiMortgage did not have standing to declare a default under the note or conduct a non-judicial foreclosure sale under the deed of trust, (3) the foreclosure sale was invalid and the substitute trustee's deed issued to Fannie Mae was void, and (4) Fannie Mae is not the lawful owner of the Property. (doc. 1-4 at 7.) These requests are based on an invalid legal theory and on the unsupported contention that the assignment of the note and deed of trust was defective. Ultimately, Plaintiffs' complaint fails to state any viable claim against Defendants or demonstrate that a genuine controversy exists between the parties. Accordingly, their request for declaratory judgment should be dismissed. *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5–6 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

## III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that

the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). However, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiffs have not amended their complaint since filing this action. In their original complaint, they did not allege sufficient facts showing they have standing to challenge the assignment of their mortgage. In addition, they premise all of their claims on an invalid legal theory. It therefore appears that they have alleged their best case to the Court.

### IV. RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED,** and all of Plaintiffs' claims against them should be dismissed with prejudice.

**SO RECOMMENDED** on this 8th day of February, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                             */s/ Irma Carrillo Ramirez*
                                                          IRMA CARRILLO RAMIREZ
                                                          UNITED STATES MAGISTRATE JUDGE